# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

November 16, 2005

Benjamin Levine
3 Cornwall Drive
East Brunswick, NJ 08816
*Pro se*

    Re:    Levine v. State of Florida, Fifth District, Volusia County
              Civil Action No. 05-CV-5102 (WJM)

Dear Litigant:

      This matter comes before the Court on plaintiff's motion for *in forma pauperis*. In essence, plaintiff, a non-prisoner, claims that he is a pauper and requests that the Court waive filing fees. *See* 28 U.S.C. § 1915(a). For the reasons stated below, plaintiff's motion is granted; however, plaintiff's complaint is dismissed in its entirety as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

      A district court evaluates a motion for *in forma pauperis* under a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must determine whether plaintiff is eligible for pauper status under § 1915(a). *Id.* Second, the court must "screen" the complaint under § 1915(e)(2) to ascertain whether it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune to such relief. *Roman*, 904 F.2d at 194 n.1; 28 U.S.C. §§ 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

      When determining whether to allow a plaintiff to proceed *in forma pauperis*, the Court begins by reviewing the plaintiff's affidavit requesting pauper status. *D'Alessandro v. Brann & Isaacson*, No. 04-879, 2005 WL 1642582, at *1 (D. Del. July 12, 2005). If plaintiff lacks sufficient resources to pay the filing fee, the Court may grant plaintiff's request. *Id.* Here, plaintiff has submitted such an affidavit representing that he makes $185 per month in "personal income" and relies on his in-laws' and wife's income to help support himself. (Levine Aff. ¶ 5).

Although plaintiff's affidavit does not thoroughly address how much he makes in other forms of income (since he appears to be drawing a distinction between business and personal income), how much money he has in various accounts, e.g., savings, and how much debt he possesses, given plaintiff's alleged inability to pay for the filing fee, and for the additional reasons set forth below, the Court grants plaintiff *in forma pauperis* status. Thus, the Court must now "screen" plaintiff's complaint to determine whether it falls within one of the enumerated grounds for dismissal.

Through his complaint, plaintiff alleges that this matter arises from a speeding ticket he received while driving in Florida. (Compl. ¶ 4). After receiving the ticket, plaintiff attempted to challenge its validity. In his defense, he attempted to obtain discovery from the police officer who had pulled him over and written him the ticket. That attempt was unsuccessful. On June 1, 2004, plaintiff submitted an "Affidavit of Defense" which included a plea of not guilty. (*Id.* ¶ 7). Plaintiff was found guilty of speeding and fined "almost twice the original amount." (*Id.* ¶¶ 8, 23). When he received the "verdict," he also received a "Court Action Form," which indicated that plaintiff had pleaded guilty. (*Id.* ¶ 8). Plaintiff attempted to challenge his "conviction" by filing a motion for rehearing, arguing that he was denied discovery of the officer's written statements and the opportunity to cross-examine the officer. (*Id.* ¶ 9). That motion was denied. Plaintiff then appealed his "conviction," arguing at least that his Fifth Amendment right against self-incrimination had been violated. (*Id.* ¶ 10). The Florida appeals court rejected his appeal, dismissing it as untimely.[1] Plaintiff now attempts to remove and/or appeal the State court action to this Court to remedy the violation of his constitutional rights. (*Id.* ¶¶ 12, 20 & p. 1, prayer for relief).

Under those alleged circumstances, the Court concludes that plaintiff's complaint is frivolous. Contrary to the complaint's assertions, this Court does not have removal or appellate jurisdiction. With respect to removal, a defendant who seeks to remove an action must remove it to the "district court of the United States for the district and division within which such action is pending". 28 U.S.C. § 1446(a). Because plaintiff seeks to remove a case from Florida State court to this district court in New Jersey, rather than the appropriate district court in Florida, plaintiff's attempted removal is improper. Although under other circumstances transferring this action to the appropriate district court might be the most efficient and economical solution, it is unnecessary in this case because plaintiff's action is not removable. Section 1446 provides that an action must be removed within thirty days of the defendant's receipt of the initial pleading that indicates the case is or has become removable. *See* 28 U.S.C. § 1446(b). Here, however, plaintiff can identify no pleading that indicates his case was removable. Indeed, the only arguable pleading this Court is aware of is the speeding ticket. That, however, does not provide plaintiff with a basis for removal. *See* 28 U.S.C. § 1441 (actions removable generally) and § 1443 (civil rights cases that are removable). Further, even if the speeding ticket was removable, he received the ticket in April of 2004 but did not file his complaint in this action until August of

---

[1]Plaintiff acknowledges that he filed his appeal out of time. (*Id.* ¶ 19).

2005. (*See* Compl. ¶¶ 7-12 & p. 7). Clearly, plaintiff's year long delay makes removal untimely. Consequently, there is no arguable basis for removal of this litigation.

Moreover, there is no arguable basis for appealing a State court judgment to this district court. The Court is aware of no authority providing it with the ability to sit in direct review of a State court's decision finding plaintiff "guilty" of speeding and assessing a fine, even if that decision is erroneous. Nor is the Court aware of authority that would allow it to grant plaintiff's requested relief: (1) to reverse plaintiff's State court "conviction" and grant plaintiff his day in court, (2) to stay his "conviction penalties" pending "this appeal," and (3) to order the Florida court to provide a "reasonable explanation" why it refused to provide discovery regarding "exculpatory facts." (*See* Compl. p. 7). In short, there is no arguable jurisdictional basis upon which plaintiff's complaint may rest. Therefore, it must be dismissed as frivolous.

Finally, it is worth noting that one of the reasons the Court grants plaintiff *in forma pauperis* status, in addition to his alleged insufficient assets, is to readily dispose of his frivolous complaint. Although the Court could have denied plaintiff pauper status, thereby requiring him to bear the fees and costs associated with filing the complaint and serving the defendant with the summons and complaint, that would have left a baseless case on this Court's already busy docket and unduly burdened the defendant by forcing the defendant to go through the expense of having to file a motion to dismiss or other responsive pleading. Judicial economy and fairness (to all parties) are better served by dismissing this action before it proceeds any further. And, on a related point, plaintiff should be mindful that the right to apply for *in forma pauperis* status does not provide a right to file baseless complaints. Baseless complaints are a nuisance to the named defendant(s) and a hindrance to the administration of justice, sapping resources from an otherwise overtaxed judiciary. This is now plaintiff's third civil action this Court has dismissed shortly after inception, and the second for lack of subject matter jurisdiction. In the future, the filing of a baseless complaint may result in the imposition of sanctions.

In sum, the Court grants plaintiff's motion for *in forma pauperis* status, and dismisses the complaint in its entirety as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**